**HARKINS AMUSEMENT ENTERPRIS-ES, INC., and Daniel Harkins, individually and doing business as Tower Plaza Cinema 1 and 2, Plaintiffs,**

v.

**GENERAL CINEMA CORPORATION, et al., Defendants.**

**No. CIV 77–736 PHX CLH.**

United States District Court, D. Arizona.

Aug. 7, 1990.

See also 748 F.Supp. 1414.

Edwin Tobolowsky, N. Henry Simpson, Tobolowsky, Prager & Schlinger, Dallas, Tex., David N. Farren, Shimmel, Hill, Bishop & Gruender, P.C., William P. French, Ann A. Scott Timmer, Scult, Lazarus & French, P.A., Phoenix, Ariz., for plaintiffs.

Lewis and Roca, Robert C. Hackett, David W. Dow, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., for defendant American Multi–Cinema, Inc.

Harry B. Swerdlow, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendant The Harry Nace Co.

Joel Linzner, Khourie, Crew & Jaeger, San Francisco, Cal., for defendant United Artists Communications, Inc.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

Commencing on January 4, 1989, the plaintiffs have filed a number of motions seeking the imposition of sanctions against the distributor defendants for the destruction of evidence. At a hearing on August 2, 1989, the Court ruled that "some sanctions" were appropriate but not defaulting the distributor defendants. Plaintiffs were invited to submit an additional proposal for sanctions.

The plaintiffs complain of the destruction of "cash sheets," which are records that would indicate the dates and amounts of actual payment of film rentals, adjustment or rebate of film rentals, and advances or guarantees offered to distributors by exhibitors in bidding or negotiating for film licenses. Plaintiffs contend that these records are highly relevant because witnesses have testified that film rental terms offered by the defendant exhibitors in this case were often not paid in accordance with their license agreement.

There is no question that the distributor defendants have either destroyed or lost most of the cash sheets.

Plaintiffs filed their first request for production of the disputed payment records on January 30, 1978. The distributors filed objections and plaintiffs did not file a motion to compel production. During the course of the Multi District Litigation in Houston, plaintiffs filed two requests for production. The distributors objected and obtained an order from the district judge in Houston to postpone production pending a determination of whether to consolidate the MDL cases for trial in Houston. After this case was remanded back to this district, plaintiffs filed a fourth request on April 27, 1984. The distributors objected and on November 22, 1985, plaintiffs filed a motion to compel production. A hearing was set for January 10, 1986. On the day of the hearing the distributors agreed to produce the payment records. Pursuant to that agreement, depositions of the record custodians of the distributors were taken. (For some unexplained reason, counsel for plaintiffs did not attend the depositions.) The record custodians admitted that virtually all the payment records had been destroyed or lost.

In April 1986 the plaintiff Daniel Harkins was permitted to examine payment records of Twentieth–Century Fox and Warner Bros. at the offices of a law firm in California. He marked various documents for copying. However, on April 4, 1986, the distributors' motions for summary judgment were granted and copies were not made and delivered to plaintiffs. When the summary judgment was reversed over two years later, it was discovered that the records that Mr. Harkins had inspected no longer existed.

> Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation.... While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action.... *Wm. T. Thompson Co. v. General Nutrition*

*Corp.*, 593 F.Supp. 1443, 1455 (C.D.Cal., 1984).

■ The plaintiffs suggest as sanctions that, at the time of trial, the jury be instructed that it may presume the records the distributor defendants destroyed would not have established payment of film rental, advances and guarantees in accordance with the license terms reflected in the bid files and license agreements and that they also be awarded attorney's fees and expenses. It is well settled that a party's destruction of relevant evidence permits an inference that the evidence would be unfavorable to the party. See, for example, *Eaton Corporation v. Appliance Valves Corporation*, 790 F.2d 874 (Fed.Cir.1986); *Nation–Wide Check Corporation, Inc. v. Forest Hills Distributors, Inc.*, 692 F.2d 214 (C.A. 1st 1982). However, in this conspiracy action, any unfavorable inference imposed against the distributor defendants as a sanction would necessarily affect the exhibitor defendants.

■ In the circumstances, the only appropriate sanction is an award of attorney's fees and expenses. Plaintiffs seek a total of $13,720 as attorney's fees. Of that total, $5,000 represents fees incurred before appeal. The plaintiffs have not submitted any documentation to support that amount. The remaining $8,720 includes services performed by lawyers in two different law firms. While the hourly rates charged by the lawyers involved appear to be reasonable, the total time recorded is unreasonable because of some duplication of effort by lawyers. The sum of $7,895 will be awarded.

■ Plaintiff also seeks to recover costs consisting of Westlaw fees, copies and delivery charges. The Westlaw fees, which total $779.81, are an appropriate charge. However, the charges for copies and delivery are simply overhead charges.

IT IS ORDERED denying plaintiffs' motion for default judgment and granting plaintiffs' motion for sanctions (Doc. 387); granting plaintiffs' motion to supplement motion for default judgment and sanctions

(Doc. 508); and granting plaintiffs' application for sanctions (Doc. 604).

IT IS FURTHER ORDERED awarding as sanctions against the distributor defendants attorney's fees in the sum of $7,895 and costs in the sum of $779.81.